IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DENNIS ABBOTT, JOSEPH STAKEY, and DANIEL WELCH, | ) ) ) | Case No. CV-03-472-S-BLW Lead Case |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| DR. CHAD SOMBKE, TOM BEAUCLAIR, DR. JOHN NOAK, DR. THOMAS KRUZICH, DR. KENNETH KHATAIN, LARRY HYNES, RODNEY ROE, and PRISON HEALTH SERVICES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| BEN C. HARVEY, | ) ) | |
| Plaintiff, | ) ) | Case No. CV-05-91-S-BLW |
| v. | ) ) | |
| I.M.S.I. Mental Health Psychologist CHAD SOMBKE, and Psychiatrist KENNETH KHATTAIN, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Pending before the Court are the following matters:  (1) the appointment of

**ORDER  1**

counsel for Plaintiff Harvey; (2) consolidation of CV03-472-S-BLW with the present action; and (3) Defendants' Motion for Reconsideration (Docket No. 74, CV-03-472-S-BLW).

## APPOINTMENT OF COUNSEL

The Court previously gave notice of its intent to appoint Richard C. Boardman of Perkins Coie as counsel for Plaintiff.  Mr. Boardman filed an acceptance of the pro bono appointment.  Therefore, the Court will appoint Richard Boardman of Perkins Coie as counsel for Plaintiff.  Mr. Boardman's address is 251 E. Front Street, Suite 400, P.O. Box 737, Boise, ID 83701-0737, telephone number (208) 343-3434.  The appointment shall be pursuant to the Court's Pro Bono Program through which counsel's out-of-pocket litigation expenses are paid.

Defendants filed an opposition to the notice of intent to appoint counsel, arguing that there is no basis for the appointment.  The Court disagrees with Defendants' argument.  Plaintiff alleges that he suffers from mental illness, and that he has been receiving inadequate psychiatric care.  Plaintiff has also alleged that he is suicidal.  Based on the seriousness of Plaintiff's allegations, and the further claim that at least five inmates have committed suicide over the past year at ISCI, the Court identified this case as one warranting appointment of counsel.

**ORDER  2**

The PHS Defendants and their counsel consistently express their indignation when their view of an inmate's case is not automatically accepted by the Court. Counsel must recognize that while they should – and must – zealously advocate their client's position, the Court's obligation is to address and fairly consider both sides of a dispute. Just because the Court does not agree with counsel does not mean that their views were not given serious consideration.

## CONSOLIDATION OF PSYCHIATRIC CASES

The Court previously notified the parties of its intent to consolidate the present case with a case in which three inmates allege similar inadequate psychiatric treatment claims. *See Abbott v. Sombke, et al., CV-03-472-S-BLW.* Counsel for the Plaintiffs in these cases have not objected to the consolidation notice. Defendants Sombke and Khatain filed an objection to the consolidation, arguing that the two cases are at different points in the litigation process, and therefore, consolidation is not appropriate. The IDOC Defendants did not object to the consolidation notice.

Federal Rule of Civil Procedure 42 states:

> "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

**ORDER  3**

Fed. R. Civ. Proc. 42(a).

In order to consolidate claims, the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences, and there must be common questions of law or fact in the actions. *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1296 (9th Cir. 2000), *cert. denied*, 121 S. Ct. 2592 (2001). The district court must also decide whether consolidation of the plaintiffs' claims would be equitable to both sides. *Id*. The primary considerations for the Court are the judicial efficiency of consolidating the cases and the risk of inconsistent adjudications in the event the cases proceed separately. *See Matter of Rhone-Poulenc Rorer Inc.,* 51 F.3d 1293, 1303 (7th Cir. 1995)(trial court must not divide issues between separate trials in such a way that the same issue is reexamined by different juries).

Plaintiffs Harvey, Abbott, Welch, and Stakey claim that they suffer from mental illness. They allege that Defendants violated their Eighth Amendment rights by failing to provide adequate treatment for their psychiatric illnesses. They allege that the only form of treatment Defendants provide for mentally ill inmates is a limited range of medications. They further allege that the medications used to treat their illnesses were discontinued, and the substituted medications are inadequate to stabilize their mental health conditions. The substituted medications

**ORDER 4**

are allegedly a category of psychotropic medication that tranquilize mentally ill inmates and are less expensive than the medications previously prescribed for them.  There is allegedly no type of mental health assessment, evaluation, and therapy for inmates who are experiencing suicidal thoughts.  *Docket No. 64, Plaintiffs' Motion for Preliminary Injunction.*

Plaintiffs further allege that there have been at least five inmates who have committed suicide as a result of the inadequate mental health treatment.  Plaintiffs Abbott and Stakey allegedly witnessed two of the suicide victims: one inmate hung himself in the shower and the other inmate lacerated his own stomach.  Plaintiff Welch was allegedly attacked by a mentally ill inmate who was experiencing a mental breakdown.  *Docket No. 64-3.*

Plaintiffs also allege that they are qualified individuals with disabilities as defined in the ADA.  They further allege that they are being discriminated against based on their disabilities in violation of the ADA.  *Docket No. 64-3.*  Based on the foregoing allegations, the Court concludes that common issues of fact and law exist among the Plaintiffs' claims; therefore, the cases are appropriate for consolidation.

An additional consideration is the cost reduction through conducting one trial at which all witnesses appear, including the parties' expert witnesses.

**ORDER  5**

Plaintiffs were granted *in forma pauperis* filing status in this case, and the litigation costs are being paid through the limited use of Pro Bono Program funds. Plaintiffs' inability to pay extensive witness and subpoena fees for separate trials in these cases could unfairly affect the outcome of the litigation. The potential exposure for an award of attorney fees and costs would also be reduced through having one trial in this action.

Due to the recent appointment of Plaintiffs' counsel in the consolidated cases, the discovery on the allegedly inadequate mental health treatment issues has just begun in both cases, and the Court does not view the consolidation of the two cases as prejudicial to the Defendants. It appears that Defendants in both cases are being represented by the law firm of Hawley Troxell, and the consolidation does not affect the Defendants' right to assert any of the individual defenses available to them. Accordingly, the Court will order the consolidation of the present case with *Abbott v. Sombke, et al.,* CV03-472-S-BLW, which shall be designated as the lead case.

## MOTION FOR RECONSIDERATION

The Court engaged in a lengthy search for a pro bono attorney to represent the Plaintiffs in the *Abbott* case before Dana Hofstetter agreed to accept the appointment. In the Court's Order of January 27, 2006, it informed the parties in

**ORDER  6**

the *Harvey* case that additional time would be provided within which Plaintiff's attorney could conduct discovery and respond to Defendants' Motion for Summary Judgment because of the notice of intent to consolidate. *Docket No. 39*. A copy of the Order was sent to Plaintiffs' counsel in the *Abbott* case. It was obvious from this Order that the Court was advising the parties in both cases of its intent to locate counsel for all Plaintiffs with psychiatric care claims and then consolidate the cases. The Order also specified that it would issue new scheduling deadlines for the cases once an attorney was located for Plaintiff Harvey.

After the Court located counsel for the Plaintiffs in the *Abbott* and *Harvey* cases, it denied the pending motions without prejudice to re-filing them. For example, Plaintiffs had filed a Motion to Amend the Complaint and a Motion for Preliminary Injunction in *Abbott,* and Defendants had filed a Motion for Summary Judgment. The Court did not require Defendants to respond to the Plaintiffs' request for injunctive relief, nor did the Court require Plaintiffs to respond to the Motion for Summary Judgment. Plaintiffs did not object to the denial of their motions without prejudice while a new scheduling order was implemented in the case.

In contrast, Defendants assert that the Court committed clear error when it dismissed their pending motion and instructed them to provide a proposed

**ORDER  7**

scheduling order for the consolidated cases.  They claim that they are entitled to an immediate ruling on their Motion for Summary Judgment filed in CV-03-472-S-BLW.  Defendants rely upon the deadlines outlined in the District of Idaho Local Civil Rules and Fed. R. Civ. Proc. 56 for their argument, but they fail to cite any cases holding that the Court is prevented from managing its own docket and setting scheduling deadlines as it deems appropriate.

Approximately one-third of the civil cases filed in this district are pro se cases.  The Court must, of necessity, aggressively manage this large volume of cases in a manner which is fair to all parties, expedites the process, and promotes judicial economy.   Accordingly, the Defendants' Motion for Reconsideration is denied, and Plaintiffs' counsel in the consolidated cases will not be required to respond to the Defendants' pending motions until after the Court has entered a new scheduling order for the consolidated cases.

Counsel for the parties shall meet and confer on pre-trial scheduling deadlines for the consolidated cases, and shall submit either a joint proposed set of deadlines or separate sets of proposed deadlines.

**ORDER  8**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Court appoints Richard C. Boardman of Perkins Coie as counsel for Plaintiff Harvey.  A copy of this Order shall be sent to Mr. Boardman at Perkins Coie, 251 E. Front Street, Suite 400, P.O. Box 737, Boise, ID 83701-0737.  The forms used to request expense reimbursements are located on the Court's website at www.id.uscourts.gov under the Community Outreach category.  A copy of this Order shall be sent to Carol Craighill at the Idaho Volunteer Lawyer Program.

IT IS FURTHER HEREBY ORDERED that this case shall be consolidated with *Abbott v. Sombke, et al.,* CV-03-472-S-BLW, which shall be designated as the lead case.  A copy of this Order shall be sent to counsel in *Abbott v. Sombke*.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion for Reconsideration (Docket No. 74, CV-03-472-S-BLW) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiffs' counsel in the consolidated cases will not be required to respond to the Defendants' pending motions until after the Court has entered a new scheduling order for the consolidated cases.  Counsel shall submit the proposed scheduling deadlines for

**ORDER  9**

the consolidated cases as set forth above within twenty (20) days of this Order's

date.



DATED:  **April 13, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  10**